IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE TREASE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-CV-05162-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING COMMISSIONER'S DECISION

This action seeks judicial review of the Commissioner of Social Security's decision denying Plaintiff Christine Trease's applications for Social Security benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434, and Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had several severe impairments, including degenerative disc disease, obesity, and chronic dysthymic disorder with anxiety symptoms and mixed personality disorder traits, but retained the residual functional capacity ("RFC") to perform work as a silverware wrapper, an advertising material distributor, and a photocopying machine operator.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed her applications on April 18, 2011, alleging a disability onset date of March 17, 2010.  The Commissioner denied the applications at the initial claim level, and Plaintiff appealed the denial to an ALJ.  The ALJ held a hearing, and on September 12, 2012, the ALJ issued a decision finding Plaintiff was not disabled.  The Appeals Council denied Plaintiff's request for review on October 24, 2012, leaving the ALJ's decision as the Commissioner's final decision.  Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

## Standard of Review

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months.  42 U.S.C. § 423(d)(1)(A).

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).  Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision.  *Id.*  In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it.  *McKinney v. Apfel,* 228 F.3d 860, 863 (8th Cir. 2000).  The court

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work.  The evaluation process ends if a determination of disabled or not disabled can be made at any step."  *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g); 416.920(a)–(g).  Through Step Four of the analysis the claimant bears the burden of showing that he is disabled.  After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform.  *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue,* 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner,* 646 F.3d at 556.

## Discussion

Plaintiff argues the ALJ erred at step four in the sequential evaluation process because she: (1) failed to discuss adequately how the record medical evidence supports the RFC determination; (2) formulated an unsupported RFC assessment; (3) failed to develop the record concerning her functional limitations; and (4) improperly assessed her credibility. These arguments are without merit.

**A.     The ALJ properly assessed Plaintiff's credibility.**

Addressing Plaintiff's last argument first, the Court finds the ALJ did not err in discounting Plaintiff's credibility. When the ALJ discounts a claimant's credibility, she is required to explain why she did not fully credit the claimant's complaints. *Lowe v. Apfel*, 226 F.3d 969, 971 (8th Cir. 2000). In analyzing a claimant's subjective complaints of pain, the ALJ considers the entire record, including medical records; statements from the claimant and third parties; the claimant's daily activities; the duration, frequency and intensity of pain; the dosage, effectiveness, and side effects of medication; precipitating and aggravating factors; and functional restrictions. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). Credibility questions are "primarily for the ALJ to decide, not the courts." *Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003). "If an ALJ explicitly discredits the claimant's testimony and gives good reasons for doing so, the Court should defer to the ALJ's credibility determination." *Gregg v. Barnhart*, 354 F.3d 710, 713 (8th Cir. 2003).

3

Here the ALJ articulated several valid reasons for discounting Plaintiff's claims. First, the ALJ noted that the objective medical evidence did not support her disability claim. R. at 17. Plaintiff's physical and mental status exams, CT scans, and an MRI were, for the most part, unremarkable. R. at 194, 197, 215, 251, 261-62, 291, 295, 301. As the ALJ observed, other than a brief hospitalization in March 2011, Plaintiff received routine, conservative treatment.[2] R. at 17. Moreover, there is nothing in the record from a treating or examining physician that supports a disability finding. This lack of evidence supplied a valid basis to discount Plaintiff's credibility. *See Forte v. Barnhart*, 377 F.3d 892, 895 (8th Cir. 2004) (holding a lack of objective medical evidence is a proper factor to consider in assessing a claimant's credibility).

Second, Plaintiff's mental impairments were relatively well-controlled with medication. R. at 33, 282. This weighs against her credibility. *Pepper ex rel. Gardner v. Barnhart*, 342 F.3d 853, 855 (8th Cir. 2003) ("Impairments that are controllable or amenable to treatment do not support a finding of total disability.").

Third, Plaintiff's doctor treated her back pain with over-the-counter pain medications and anti-inflammatories, patches, and back exercises, which Plaintiff acknowledged helped with her pain. R. at 39. This is a valid reason to discount her credibility. *See, e.g.*, *Combs v. Astrue*, 243 F. App'x 200, 205 (8th Cir. 2007) (taking only over-the-counter pain medication is inconsistent with complaints of disabling pain); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003)

---

[2] Plaintiff contends this is irrelevant because the ALJ did not consider that Plaintiff had no insurance and was unable to afford treatment for several years. But nothing in the record corroborates Plaintiff's allegation that she was unable to access medical care, nor is there evidence showing she sought free or reduced-cost medical or mental health treatment, or that she made efforts to get samples or low-cost medication during any periods of lapsed coverage. In fact, even after receiving insurance, her treatment remained conservative; she generally treated any physical pain with over-the-counter medications, which is not consistent with her claims of disabling pain. R. at 238, 291. *See, e.g.*, *Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004) ("[I]n evaluating the credibility of [the claimant's] subjective complaints, it was permissible for the ALJ to consider the lack of evidence that [the claimant] had sought out stronger pain treatment available to indigents.").

(noting that if the claimant's pain was as severe as alleged, she would have sought regular medical treatment).

Fourth, the ALJ identified several inconsistencies in Plaintiff's testimony. R. at 17-18. For example, Plaintiff gave different reasons for leaving her last job. R. at 16, 18, 30-31, 133, 196. She also testified that she could sit for only fifteen to twenty minutes before she would have to walk around due to back and leg pain, but she indicated in a questionnaire that she could use the computer for up to an hour at a time. R. at 18, 39-40, 164. Inconsistencies in a claimant's testimony detract from her credibility. *Paschal v. Astrue*, 372 Fed. Appx. 687, 688 (8th Cir. 2010).

Fifth, her activities of daily living were inconsistent with her disability claim. Her daily activities included doing dishes and laundry, feeding pets, caring for and reading to her young son, watering flowers and plants, watching television, and going outside every day. R. at 155-59. She also tried to walk for exercise and use a treadmill. R. at 44. Such varied daily activities are inconsistent with her assertion of disability and reflect negatively upon her credibility. *See Johnson v. Apfel*, 240 F.3d 1145, 1148 (8th Cir. 2001).

Because the record supports the ALJ's credibility determination, the Court must uphold it. *Buckner*, 646 F.3d at 556.

**B.      The ALJ adequately discussed how the evidence supports the RFC determination.**

There is also no merit to Plaintiff's contention that the ALJ did not adequately discuss how the evidence supports the RFC determination. As a threshold matter, although the ALJ must discuss how the evidence supports each conclusion in the RFC assessment, the ALJ need not follow each limitation found with a list of specific evidence on which the ALJ relied. SSR 96-8p; see McCoy v. Astrue, 648 F.3d 605, 615 (8th Cir. 2011). Imposing such a requirement would result in ALJs writing decisions containing duplicative discussions of the evidence, an

5
Case 3:13-cv-05162-DGK   Document 17   Filed 12/09/14   Page 5 of 7

exercise which would increase the length of these decisions without improving their quality. *Hilgart v. Colvin*, No. 6:12-03022-DGK, 2013 WL 2250877, at *4 (W.D. Mo. May 22, 2013). Here, the ALJ spent four pages explaining how she formulated Plaintiff's RFC. R. at 15-19. This was sufficient.

**C.     Substantial evidence supports the RFC determination.**

The ALJ found Plaintiff possessed the RFC to perform sedentary work, except that she could not stoop, kneel, crouch, or crawl, and that she was limited to performing simple, routine, repetitive unskilled work that involved only occasional contact with the public, coworkers, and supervisors. R. at 15. Plaintiff argues this determination is not supported by substantial evidence because an RFC determination must be based on at least some medical evidence, and no medical evidence supports this conclusion.

The Court finds no merit to this claim. As a threshold matter, it is the claimant's burden, not the Commissioner's, to prove the claimant's RFC. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). And, as the ALJ observed, no treating or examining medical provider corroborated the functional limitations Plaintiff claims to have. R. at 17.

Furthermore, although medical opinion evidence is a part of what the ALJ considers in formulating a claimant's RFC, the ALJ has a duty to formulate the RFC based on *all* of the relevant, credible evidence of record. The ALJ is not limited to looking at the medical evidence only. *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007).

Finally, there is medical evidence supporting the RFC. The ALJ spent several pages discussing Plaintiff's medical records, R. at 15-19, and they support the ALJ's conclusion.[3] Accordingly, substantial evidence supports the ALJ's RFC determination.

---

[3] After comparing the record evidence with the ALJ's opinion, the Court notes that the ALJ gave Plaintiff the benefit of every doubt in formulating her RFC. The ALJ acknowledged as much. She admitted that despite discounting

**D.     The ALJ did not need to develop the medical record further.**

Related to the above argument, Plaintiff argues the ALJ erred by failing to develop the medical record concerning her functional limitations, specifically by not ordering a consultative examination.  There is no merit to this claim.

Again, it is the Plaintiff's burden to prove her RFC.  *Eichelberger v. Barnhart*, 390 F.3d at 591.  If Plaintiff was concerned that additional medical evidence was needed concerning her functional limitations, she could have arranged for one of her treating or examining physicians to provide such information.  But she did not.

The ALJ has a duty to develop the record only when a crucial issue is undeveloped and the evidence is insufficient to allow the ALJ to form an opinion.  *Martise v. Astrue*, 641 F.3d 909, 926-27 (8th Cir. 2011).  Here, there is no indication that the ALJ was confused by the evidence or lacked sufficient evidence to make an RFC determination.  Consequently a consultative examination was unnecessary.

## Conclusion

Substantial evidence on the record supports the Commissioner's decision, and so the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:     December 9, 2014               /s/ Greg Kays
                                          GREG KAYS, CHIEF JUDGE
                                          UNITED STATES DISTRICT COURT

---

Plaintiff's subjective complaints, she gave them "generous consideration," and that the limitations she found were "more restrictive than any medical opinion" suggested.  R. at 18-19.